IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | No. 2:11-cv-2388-WBS-CMK-P |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| MJ J KENWOOD, et al. | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 5).

The Prison Litigation Reform Act's (PLRA) "three strikes" provision provide:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/ / /

1  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for
2  one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in
3  forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not
4  count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).
5  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district
6  court may conclude that it counts as a "strike."  See id. at n.12.

7  In this case, a review of the court's files reflects that plaintiff has three or more
8  prior "strikes" under § 1915(g) which preclude plaintiff being granted in forma pauperis status.
9  Three of these prior "strikes" occurred in the following cases: Harris v. Hickey, No. CIV F-97-
10 5186 REC HGB (E.D. Cal.) (dismissed on July 30, 1997, for failure to state a claim); Harris v.
11 Hickey, No. CIV F-97-5411 OWW HGB (E.D. Cal.) (dismissed on August 8, 1997, for failure to
12 state a claim); Harris v. Edmonds, No. CIV F-00-5857 OWW LJO (E.D. Cal.)
13 (dismissed on November 27, 2000, for failure to state a claim).  In addition, this court has
14 previously issued orders designating plaintiff to be a three-strike litigant, and plaintiff has been
15 denied leave to proceed in forma pauperis.  See e.g., Harris v. Reynolds, CIV S-09-1817 DAD
16 (E.D. Cal.).  Plaintiff is challenging the alleged unprofessional conduct of the correctional
17 officers and his ability to have personal property in his cell; there are no plausible allegations that
18 plaintiff is under imminent danger of serious bodily injury.  See Andrews v. Cervantes, 493 F.3d
19 1047, 1055 (9th Cir. 2007).  In addition, plaitniff was provided an opportunity to explain to the
20 court his allegation of imminent danger. The explanation he provided was one sentence, wherein
21 he states, "Plaintiff alleges he is in imminent danger of serious physical harm." (October 23,
22 2013oc. 6).  The court must therefore deny leave to proceed in forma pauperis.

23 When in forma pauperis status is denied or revoked under § 1915(g), the proper
24 course of action is to dismiss the action without prejudice to re-filing the action upon pre-
25 payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit
26 reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding

2

1  under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d
2  1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than simply
3  providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the
4  plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the
5  Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded
6  that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"
7  provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant
8  an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated
9  that the appellant "may resume this appeal upon prepaying the filing fee."[1]

10        This conclusion is consistent with the conclusions reached in at least three other
11  circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status
12  under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically
13  held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because
14  "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).
15  The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383
16  (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

17        Based on the foregoing, the undersigned recommends that:

18        1.    Plaintiff's application for leave to proceed in forma pauperis (Doc. 5) be
19  denied; and

20        2.    This action be dismissed without prejudice to re-filing upon pre-payment
21  of the filing fees.
22  / / /

---

[1] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed.  Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed.  The Ninth Circuit did not address this problem.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 1, 2013

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE

4